**Petition for Writ of Mandamus Denied and Opinion filed July 7, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00376-CR

### IN RE JESSE CABALLERO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1038786**

## MEMORANDUM OPINION

On May 25, 2022, relator Jesse Caballero filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jason Luong, presiding judge of the 185th District Court of Harris County, to grant his Motion for Discovery and Inspection of Evidence and order the district attorney's

office to comply with article 39.14 of the Texas Code of Criminal Procedure, referred to as the Michael Morton Act.[1]

Relator's offense was committed in 2005 and his conviction for murder was affirmed by this court in 2008. *See Caballero v. State*, No. 14-06-01032-CR, 2008 WL 2573722 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (not designated for publication). Article 39.14 applies only to offenses committed on or after January 1, 2014.[2] Accordingly, the Michael Morton Act is inapplicable here and the district court did not abuse its discretion by denying relator's motion to compel discovery under that act.

The petition is denied.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant filed a Motion for Transcripts and a Motion for Discovery and Inspection of Evidence. The trial court granted the Motion for Transcripts and ordered relator was entitled to copies of the clerk's and reporter's records. The trial court denied the Motion for Discovery and Inspection of Evidence.

[2] *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 3, 2013 Tex. Gen. Laws 106, 108 ("The change in law made by this Act applies to the prosecution of an offense committed on or after the effective date of this Act [January 1, 2014]. The prosecution of an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose."). Prior to the effective date of the Michael Morton Act, article 39.14 applied only to discovery motions made "before or during trial," so the former law would also be inapplicable here. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1995 Tex. Gen. Laws 317, 475 (codified at Tex. Code Crim. Proc. art. 39.14).